UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

CRIMINAL NO. 05-CR-10148 RGS

UNITED STATES OF AMERICA

V.

SANTA MELO A/K/A MINERVA VASQUEZ-MOTO
A/K/A TAMARA RODRIGUEZ

**ORDER ON DETENTION**

ALEXANDER, M.J.

The defendant, Santa Melo, appeared before this Court on June 23, 2005, for an arraignment and detention hearing pursuant to an indictment charging her with a violation of 8 U.S.C. § 1326(a) (illegal re-entry of a deported alien). At the hearing Ms. Melo was represented by Attorney Michael Natola, and the government was represented by Assistant United States Attorney Nadine Pellegrini. The government moved for detention pursuant to 18 U.S.C. § 3142 (f)(2)(A) (serious risk of flight).

During the hearing, the government presented the credible testimony of Special Agent Jennifer Hood, a thirteen-year veteran of the Department of Homeland Security, Immigration and Customs Enforcement ("ICE") and its

predecessor agencies. Special Agent Hood's credible testimony includes the averments set forth below.

In May 2005, Special Agent Hood received notification from the Malden, Massachusetts police that they had arrested a Tamara Rodriguez for the distribution of drugs. After running a National Crime Information Center (NCIC) record check of Tamara Rodriguez, authorities discovered that Tamara Rodriguez was an alias for Minerva Valdez-Mota, a woman who was deported *in absentia* in 1986.

In 1998, Minerva Valdez-Mota was arrested, and later convicted, under the name Santa Melo for distribution and possession of a controlled substance (cocaine) in violation of Massachusetts General Laws c. 94c, §32A. A judge ordered an actual deportation in 1998 to Ms. Melo's country of origin, the Dominican Republic. Special Agent Hood testified that ICE has a record of Ms. Melo's warrant of deportation from that time, which includes a print of Ms. Melo's index finger, her signature upon boarding her flight, and her flight number.[1] According to the government, when Ms. Melo was arrested in Malden,

---

[1] Ms. Melo was issued a green card in the 1990's despite the fact that she was supposed to have been deported in 1986, presumably due to the fact that she was to be deported under the name Minerva Valdez-Mota. The Federal Bureau of Investigation was ultimately able to determine that Tamara Rodriguez, Minerva Valdez-Mota, and Santa Melo are the same person by running a fingerprint check.

under the name Tamara Rodriguez, in May 2005, she had not obtained consent from the United States Attorney General before March 1, 2003, or consent from the Secretary of the Department of Homeland Security since March 1, 2003, to reapply for admission to the United States.

In that an indictment is extant, probable cause exists to believe that Mr. Saunders committed the offenses with which he is charged. United States v. Vargas, 804 F.2d 157, 162-63 (1st Cir. 1986). Accordingly, with the aforementioned evidence in mind, the Court now therefore turns to the detention calculus. Pursuant to the Bail Reform Act of 1984, this Court shall detain a criminal defendant pending trial upon a determination that "no condition or combination of conditions will reasonably assure the appearance of the person as required and the safety of any other person and the community. . . ." 18 U.S.C. § 3142 (e); United States v. Montalvo-Murillo, 495 U.S. 711, 716-17 (1990). "With regard to risk of flight as a basis for detention, the Government must prove by a preponderance of the evidence that no combination of conditions will reasonably assure the defendant's appearance at future court proceedings." United States v. DiGiacomo, 746 F. Supp. 1176, 1180-81 (D. Mass. 1990). The burden of persuasion remains with the Government on the question of flight risk. See DiGiacomo, 746 F. Supp. at 1181 (citing United States v. Jessup, 757 F. 2d 378,

3

381-82 (1st Cir. 1985)).

The issue of whether the defendant poses a danger to the community has a different requirement. The Government must prove by clear and convincing evidence that no combination of conditions will reasonably assure the safety of any other person and the community. United States v. Chimurenga, 760 F.2d 400 (2d Cir. 1985). The meaning of clear and convincing evidence does not imply that the judge be "plumb sure" that there is no set of conditions that will protect the public, but the judge should be "pretty sure." United States v. Gray, 651 F. Supp. 432 (W.D. Ark. 1987), aff'd, 855 F.2d 858 (8th Cir.), cert. denied, 488 U.S. 866 (1988).

The Court's calculus of detention is governed by 18 U.S.C. §3142(g). First, the Court looks to the nature and circumstances of the offense charged against the defendant. Although Ms. Melo has not committed a violent crime, the Court notes that at the time she was found by authorities in Malden, after allegedly re-entering the country illegally, she was involved in a controlled substance offense. Furthermore, Ms. Melo proffered a false identity to the authorities when she was arrested. These matters are of serious concern to the Court.

Second, the Court looks to the weight of the evidence against the defendant. In that an indictment is extant, there is probable cause to believe that Ms. Melo

committed the offenses with which she is charged. Vargas, 804 F.2d at 162-63.

The Court's third inquiry relates to the individual defendant. Ms. Melo's willingness to use a false identity and her failure to abide by the law in the past are factors that raise a strong suggestion of flight risk. That potential risk of flight is exacerbated by the fact that Ms. Melo has expressed great concern for the health of her daughter, who resides in the Dominican Republic. Thus, there is ample evidence that Ms. Melo has a significant motivation to flee if released.

Defense counsel avers that because the government does not know for sure that Ms. Melo returned to the United States in or before 2003, it cannot prove that she returned within the five-year period that she was ordered to stay out of the country when she was deported. As the government asserts, however, Ms. Melo never received permission from the Attorney General or the Secretary of Homeland Security to re-enter the country, as required, regardless of when that re-entry occurred.

After considering the evidence before the Court, and the presumption of 18 U.S.C. § 3142(e), the Court concludes by a preponderance of the evidence that SANTA MELO A/K/A MINERVA VASQUEZ-MOTO A/K/A TAMARA RODRIGUEZ poses a serious risk of flight that cannot be vitiated by any condition or combination of conditions of release. Accordingly, the Court

ORDERS her detained pending trial. Further, pursuant to 18 U.S.C. §3142(i) it is

ORDERED that:

1. The defendant be, and hereby is, committed to the Custody of the Attorney General for confinement in a corrections facility, separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal;

2. The defendant be afforded reasonable opportunity for private consultation with her counsel; and

3. On Order of a court of the United States or on request of an attorney for the government, the person in charge of the corrections facility in which the defendant is confined shall deliver the defendant to an authorized Deputy United States Marshal for the purpose of any appearance in connection with a court proceeding.

Review of this Order may be obtained by Mr. Saunders' filing of a motion for revocation or amendment pursuant to 18 U.S.C. § 3145 (b).

SO ORDERED.

7/12/05
Date

_____
United States Magistrate Judge